J oiinson C. J., delivered the opinion of the court. The plaintiff in error insists that the circuit court erred, first, in overruling his motion to quash; and secondly, in its instructions to the-jury. He contends that he is charged with the commission of a trespass, and that the offence being less than felony, the indictment should have disclosed the name of the prosecutor, or that some other endorsement should have been made, which would dispense with the necessity of such disclosure. We think it scarcely necessary to have recourse either to argument or authority to prove that the offence charged is nota trespass within the meaning of the Statute. It will be conceded that the term trespass, in its most extensive signification, includes every description of wrong ; on which account an action on the case has been usually called trespass on the case, but technically, it signifies an injury committed vi at armis. The action of trespass only lies for injuries committed with force, and generally, only for such as are immediate. It is presumed that the Legislature, in the use of the word “trespass” did not design to extend the proceeding by indictment so as to cover more ground than the civil action of trespass in the strictest and most technical sense of that term. It is clear that the fact charged against the plaintiff in error, if supported by the testimony, would not be sufficient to enable the injured party to maintain an action in form ex delicto, and that consequently it could not amount to a trespass as contemplated by the statute. The next objection is that he is charged with passing base and adulterated coin, when the language oí the act is in the alternative. The indictment cannot be said to be either uncertain or double, on account of the form of the expression adopted, as the words base and adulterated are used in common parlance to signify the same thing, and were doubtless so designed by the Legislature. The distinction attempted to be taken, we think unwarranted by the authorities, and that therefore the objection cannot be allowed to prevail. We come now to consider the last, and, as we conceive, the most material question raised by the record. The question is, were the jury warranted by the law in rendering a verdict of guilty against the party. In order to solve this question correctly, it will be necessary to inquire whether it was incumbent upon the State to prove the Christian name of the injured party. It is a general rule that every matter which it is necessary to allege as constituting a material ingredient in the offence must be supported by proof. It is of the very essence of the of-fence that some person has been defrauded by the criminal practices of the party accused. It was therefore necessary that the name of the party injured should have been alleged; and being alleged, it was equally necessary that it should have been proved. The bill of exceptions, if it is entitled to that name, is a sort of anomaly. It does not attempt to set out the testimony as detailed by the witnesses, but, in broad and general terms, states what was and also what was not proved. This paper, if it amounts to anything, is an agreed state of facts, and as such, leaves nothing to be ascertained by the jury. We have viewed it in every possible light of which it is capable, and can arrive at no other conclusion. From every thing that appears of record, we are left to conclude that the Attorney for the State agreed to, or at least acquiesced in, the statements therein contained, and that both parties referred the question of law arising upon those facts to the Court. The crime is charged to have been committed against Eli Clemens, and the bill affirmatively shows that there was no proof, either directly or indirectly, that his name was Eli. It being conceded upon the record that there was a failure of the proof upon that point, it only remains to be determined whether such proof was required by law. We think it clear that the case was not made out in the absence of proof going to establish the identity of the injuired party, and that therefore the jury convicted him contrary to, or in other words, without law. The verdict of the jury being without the warrant of the law, the judgment pronounced thereupon is necessarily erroneous. The instructions asked for by the counsel for the prisoner were properly given by the court. Those asked for by the attorney for the State were improperly given as there was no testimony to which they could be made to apply, and consequently they could amount to nothing but mere abstract questions. It is expressly agreed by the parties that no evidence whatever was adduced, going to prove the Christian name of Clemens, either directly or indirectly, consequently the instruction asked for by the State and given by the court could have had no relevancy to the case as presented to the 'jury. This instruction, though improperly given, wohld not of itself have vitiated the judgment as it could have had no influence upon the minds of the jury, under the state of case as presented by the record. We think it clear that the verdict of the jury, on account of the failure to identify the injuired party, is contrary to law. For this error the judgment must be reversed. Judgment reversed and the prisoner remanded.